UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**
05/03/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

STEVEN INGALLS, JR. )
    PLAINTIFF, )
V. )
CENTURION HEALTH OF INDIANA, LLC., ) Cause No.: 2:23-cv-00221-MPB-MG
ELIZABETH BENNETT, )
TRACY COBB, )
SHELBY CRICHFIELD, )
MIKE ELLIS, )
    DEFENDANTS. )

## VERIFIED COMPLAINT FOR DAMAGES, EXPENSES, & RELIEF.

### I. Introduction.

1. This is a 42 U.S.C. § 1983 action filed by Plaintiff Steven Ingalls, Jr., a state prisoner, alleging violation(s) of his constitutional rights to receive timely medical care, and hereby seeks money damages & relief.

### II. Jurisdiction.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the protections of the Constitution of the United States.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under the color of state law, of rights secured by Acts of Congress in providing for the equal rights of persons within the jurisdiction of the United States.

4. Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because the actions & inactions alleged in this Complaint occurred within the jurisdiction of this Court: at the Indiana Department of Corrections -- Wabash Valley Correctional Facility (IDOC-WVCF, located at P.O. Box 1111, Carlisle, IN 47838) – which is the place of Plaintiff's incarceration. None of these claims, circumstances, nor facts have previously been raised or adjudicated in any other court.

## III. Parties.

**Plaintiff:**

5. Name: Steven Ingalls, Jr.
   I.D. No.: DOC #271088
   Address: IDOC-WVCF
   P.O. Box 1111
   Carlisle, IN 47838.

**Defendants:**

6. Name: Centurion Health of Indiana, LLC.
   Title: The IDOC-WVCF primary healthcare service provider.
   Address: 550 N. Meridian St.
   Suite 101
   Indpls., IN 46204;

7. Name: Elizabeth Bennett
   Title: Centurion, LLC. Nursing-staff employee at the IDOC-WVCF.
   Address: 550 N. Meridian St.
   Suite 101
   Indpls., IN 46204;
   IDOC-WVCF
   P.O. Box 1111
   Carlisle, IN 47838.

8. Name: T. Cobb, Sgt.
   Title: Custody-Officer at the IDOC-WVCF
   Address: IDOC-WVCF
   P.O. Box 1111
   Carlisle, IN 47838.

9. Name: Shelby Crichfield
   Title: The Grievance-Officer at the IDOC-WVCF
   Address: IDOC-WVCF
   P.O. Box 1111
   Carlisle, IN 47838.

10. Name: Mike Ellis
    Title: The Legal-Liaison, Warden's Designee, & Grievance-Officer at the IDOC-WVCF.
    Address: IDOC-WVCF
    P.O. Box 1111
    Carlisle, IN 47838.

## IV. Exhaustion of Administrative Remedies.

11. Plaintiff did fully exhaust the IDOC-WVCF Administration's gauntlet of (*ineffective*) remedies.

## V. Claims.

12. **GROUND 1:** Centurion Health of Indiana, LLC, at the Indiana Department of Corrections – Wabash Valley Correctional Facility, did violate the U.S. Constitution 8th & 14th Amendments' prohibition against the cruel & unusual punishment of incarcerated individual Plaintiff Steven Ingalls, Jr., which proximately caused to Ingalls the results of ongoing damages & serious bodily injur(y/ies).

13. **GROUND 2:** Elizabeth Bennett, a Centurion LLC Nursing-employee at the Indiana Department of Corrections – Wabash Valley Correctional Facility, did violate the U.S. Constitution 8th & 14th Amendments' prohibition against the cruel & unusual punishment of incarcerated individual Plaintiff Steven Ingalls, Jr., which proximately caused to Ingalls the results of ongoing damages & serious bodily injur(y/ies).

14. **GROUND 3:** Mr. Cobb, an IDOC custody-Sgt. at the Indiana Department of Corrections – Wabash Valley Correctional Facility, did violate the U.S. Constitution 8th & 14th Amendments' prohibition against the cruel & unusual punishment of incarcerated individual Plaintiff Steven Ingalls, Jr., which proximately caused to Ingalls the results of ongoing damages & serious bodily injur(y/ies).

15. **GROUND 4:** Shelby Crichfield, an IDOC Grievance-official at the Indiana Department of Corrections – Wabash Valley Correctional Facility, did violate the U.S. Constitution 8th & 14th Amendments' prohibition against the cruel & unusual punishment of incarcerated individual Plaintiff Steven Ingalls, Jr., which proximately caused to Ingalls the results of ongoing damages & serious bodily injur(y/ies).

16. **GROUND 5:** Mike Ellis, the IDOC Legal-Liaison, Warden's Designee, & Grievance-Officer at the Indiana Department of Corrections – Wabash Valley Correctional Facility, did violate the U.S. Constitution 8th & 14th Amendments' prohibition against the cruel & unusual punishment of incarcerated individual Plaintiff Steven Ingalls, Jr., which proximately caused to Ingalls the results of ongoing damages & serious bodily injur(y/ies).

## VI. Factual Statement.

17. **Regarding GROUNDS 1, 2, 3, 4, & 5:**

    Centurion Health of Indiana, and also **all** of the other above-named Defendants at the Indiana Department of Corrections -- Wabash Valley Correctional Facility, did violate the U.S. Constitution 8th & 14th Amendments' prohibition against the cruel & unusual punishment of incarcerated individual Plaintiff Steven Ingalls, Jr., for their individual malice, negligence to imminent medical needs, &/or unmistakable oppression by their actions & inactions of deliberate or callous indifference to Ingalls's pleas for emergency medical-intervention concerning his high blood-pressure & accompanying stroke-symptoms, to wit:

    On 20 Feb 2023, Ingalls verbally complained to custody-Officers of suffering from unusually high blood pressure symptoms, for which he was immediately sent to Centurion's medical-department, diagnosed with a dangerously high blood pressure level of around a 200/100 reading, & then quickly received from a Centurion nursing-employee named Jen a one-time emergency treatment-dose of a medication named Clonidine 0.1mg to help alleviate his blood pressure for the day.

    The next day on 21 Feb 2023 ca.16:15hrs EST, Ingalls again began suffering from a worsening bout of high blood pressure symptoms that also included alarming symptoms of him suffering from a stroke. Ingalls immediately utilized his prison-cell's emergency-intercom to fully inform the on-duty dormitory custody-Officers Mr. B. Roessler & Mrs. J. Craig about his recognized stroke-symptoms of unilateral cranial & body-numbness, *inter alia*. Roessler & Craig immediately phone-called to inform the Centurion medical-department of the nature of Ingalls's said emergency, & without further delay, thereby sent Ingalls walking to Centurion's medical waiting-area.

    Upon Ingalls's walk-in arrival, & in the presence of other witnessing inmates, Centurion-Nurse Elizabeth Bennett emerged out of the treatment-area door, verbally reproached Ingalls for walking to medical without the nursing dept.'s prior approval, informed Ingalls that she would not check his blood pressure any more often than once per week, & ignored Ingalls's desperate verbal plea that he articulated to her concerning his sudden symptoms of severe intracranial pains & numbness on the right side of his head & arm, other bodily numbness, & his diminished mental acuities, *inter alia*. Bennett thereby verbally responded to Ingalls by ordering him to walk

4

back unassisted to his prison-cell dormitory to fill out & submit a Health Care Request Form -- as she left him helpless & without any relief.

Upon Ingalls's return to his dormitory from the medical-building, Ingalls fully debriefed Officer Mrs. Craig that the medical-dept. by Nurse Bennett had turned him away & refused to check his blood pressure or treat him in any way, whereby concerned Craig verbally consoled Ingalls & logged into the L-Dormitory-Left Logbook (that is cover-entitled with the date of 2-4-2023, onto pg. 22, 1706 hrs.-entry) --the fact that medical had refused Ingalls any treatment for his stroke-symptoms emergency. Craig also verbally debriefed an on-site IDOC Sgt. Mr. T. Cobb concerning medical's refusal to check Ingalls's blood pressure or treat him, & Cobb responded to Craig by verbally ordering her to proceed locking Ingalls down into his prison-cell since medical would not assist him. Within hours of his return from medical's refusal to treat him, Ingalls did submit a Health Care Request Form concerning his imminent need for medical diagnosis concerning his ongoing stroke symptoms.

Ingalls messaged his family members his last will & testament, and dying declarations of these same facts in the case of his death: that medical was deliberately allowing him to suffer & potentially die.

Days later, Ingalls was still left untreated while he continued to suffer from ongoing stroke-symptoms, facts which another IDOC custody-Officer Mrs. Elkins did also notice & thereby log into the same above-referenced Floor-Logbook (onto p. 24, 2-23-23 08:33-entry).

Pod-Officer Mr. Roessler also had reported the 20-21 Feb 2023's incidents into the Pod-Logbook (2-20-23 15:48; 2-21-23 16:20 entries).

Ingalls was never checked for his symptoms of having a stroke before his high blood pressure subsided days later, & the proximate & direct result of all the Defendants' deliberate actions &/or inactions -- is that Ingalls has, & continues to suffer from, a number of long-term effects & serious bodily injuries including nervous-system & mental dysfunctions, for which he was soon thereafter prescribed to now having to take a daily regimen of anti-seizure medication.

Ingalls did timely, fully, & formally submit a Grievance-report & appeal therefrom concerning the 21 Feb 2023 medical-incident at issue, yet was denied any relief simply because Grievance-Officers S. Crichfield & M. Ellis refused to conduct an adequate or fully-informed investigation at Ingalls's specific written-request to include the plethora of testimonies of the above-

5

referenced Officers & their Logbook-entries. Instead, the Grievance-Officers willfully & knowingly engaged in a conspiratorial & civil cover-up scheme by only taking & representing the Centurion-staff on their self-serving reported-assertion(s) that Ingalls had not been seeking any emergency medical-assistance from them, which was clearly contrary to all other available & documented evidence.

## VII. Relief Requested.

18. Mr. Ingalls is hereby seeking against all named-Defendants compensatory &(/or) punitive money-damages, court-costs, all legal-expenses, attorney(s) fees, and all other equitable relief to the full extent that the law will allow & the evidence will show, to be particularly specified pursuant to & upon this Court's future discovery &/or disclosure orders.

## VIII. Jury Trial.

19. A jury trial is hereby requested.

## IX. Signature & Address.

Steven E. Ingalls Jr.
Plaintiff, *pro se*
DOC #271088
IDOC-WVCF
P.O. Box 1111
Carlisle, IN 47838.

## X. Verification Statement.

"I verify under penalties of perjury that the assertions & facts recited in the above Complaint are completely true & accurate to the best of my informed belief & knowledgeability, this 3rd day of May 2023"

_____
Steven Ingalls, Jr.
Petitioner, *pro se.*

## CERTIFICATE OF SERVICE

I hereby certify that on 3 May 2023, I submitted the foregoing 7-pg. Complaint for electronic filing with the Clerk of the United States District Court for the Southern District of Indiana by the CM/ECF system.

_____
Steven E. Ingalls Jr.
Plaintiff, *pro se*
DOC #271088
IDOC-WVCF
P.O. Box 1111
Carlisle, IN 47838.